IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | CRIMINAL NO. 02-405-04 |
| : | |
| ERIC ROACH : | |

**SURRICK, J.**                                                                               **JUNE 24, 2005**

### MEMORANDUM & ORDER

Presently before the Court is Defendant Eric Roach's Habeas Corpus Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. No. 145). For the following reasons, Defendant's Motion will be denied.

**I.     BACKGROUND**

On July 14, 2003, Defendant entered a plea of guilty to one count of conspiracy to commit interstate transportation of stolen goods, in violation of 18 U.S.C. § 371, and three counts of the interstate transportation of stolen goods and aiding and abetting the interstate transportation of stolen goods, in violation of 18 U.S.C. §§ 2 and 2314.[1] (Doc. No. 87) The Guilty Plea Agreement ("Agreement") provided that the defendant would be permitted to file a direct appeal under certain conditions, but that he voluntarily and expressly waived any right to collaterally attack his conviction or sentence. The Agreement specifically stated:

---

[1] On August 1, 2001, Defendant, along with several others, participated in the robbery of Ben Bridge Jewelers in El Cajon, California. Eight Rolex watches valued at $46,275 were taken. (Doc. No. 87 ¶ 1.) Later in August, Defendant participated in another robbery, which resulted in the theft of Cartier watches worth $123,100 from a Bailey, Banks and Biddle store in Las Vegas, Nevada. (*Id.*) Finally, on January 10, 2002, Defendant took part in a third jewelry store theft of $712,270 in diamond rings and loose stones for Mayor's Jewelers in Miami, Florida. (Doc. No. 149 at 2.) In each instance, the stolen jewelry was transported to Philadelphia, Pennsylvania before being sold. (Doc. No. 87 ¶ 1.)

    8. In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

      a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

      b. If the government does not appeal, then notwithstanding the waiver provision set forth in paragraph 8 above, the defendant may file a direct appeal but may raise only claims that:
        1. the defendant's maximum sentence exceeds the statutory maximum; or
        2. the sentencing judge erroneously departed upward from the otherwise applicable sentencing guideline range.

(Doc. No. 87 ¶ 8.) The Agreement also stated that the total statutory maximum sentence for the four counts being charged was thirty-five (35) years' imprisonment, three years of supervised release, $1,000,000 in fines, and special assessments of $400. (*Id.* ¶ 5.)

On October 14, 2003, the Court held a sentencing hearing. The presentence report ("PSR") valued the loss charged at between $1,000,000 and $2,500,000 and provided a guideline range of forty-six (46) to fifty-seven (57) months.[2] (PSR at 1, 11.) Subsequent to the PSR, it was determined by the Government that the total loss was below $1,000,000. (Doc. No. 148 at 2-3.) At the sentencing hearing, based upon the Government's revised loss figures, we determined that the stolen goods had a total value of between $600,000 and $1,000,000. Accordingly, the sentencing guidelines were adjusted downward. (Doc. No. 148 at 7.) We also

---

[2] The Agreement also provided that the loss was between $1,000,000 and $2,500,000. (Doc. No. 87 ¶ 7(b).)

noted that Defendant was on parole at the time of the robberies, having been recently released from prison on an eight-and-a-half (8½) to seventeen (17) year sentence for robbery. (*Id.*) Based upon an offense level of 17 and a criminal history category of IV, the calculated range of imprisonment under the Federal Sentencing Guidelines was 37 to 46 months. We imposed a sentence of forty-four (44) months, followed by three years of supervised release, and we directed Defendant to pay the special assessment of $400. No fine was imposed but restitution was ordered. (*Id.* at 8.) No direct appeal from the judgment of sentence was filed. Defendant's conviction and sentence became final on November 14, 2003.

On October 13, 2004, Defendant, acting pro se, filed the instant Motion claiming that his sentence should be reconsidered in light of the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). (Doc. No. 145 at 4.) Specifically, Defendant alleges that his sentence was unconstitutionally enhanced based in part on the value of the stolen goods, facts which he asserts were not included in the superseding indictment and were neither proven to a jury nor admitted in the guilty plea. (*Id.*) He has also alleged that the Court improperly considered his prior criminal history in determining the sentencing range under the Federal Guidelines. In a handwritten letter filed with the Court on April 11, 2005, Defendant requested that we consider the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005).

II.    **STANDARD OF REVIEW**

Section 2255 permits a prisoner in federal custody to challenge the validity of his sentence. 28 U.S.C. § 2255 (2000); *see also United States v. Eakman*, 378 F.3d 294, 297 (3d Cir. 2004). The prisoner has one year from the later of the following acts to file a petition under § 2255:

> (1) the date on which the conviction became final; (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the defendant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

It is within the Court's discretion to hold an evidentiary hearing on a § 2255 motion. *Gov't of the Virgin Islands v. Forte,* 865 F.2d 59, 62 (3d Cir. 1989). A hearing need not be held, however, if the "motion and the files and records conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also United States v. Pay*, 969 F.2d 39, 41-42 (3d Cir. 1992).

## III.  DISCUSSION

A defendant may waive his right to appeal pursuant to a plea agreement so long as he does so knowingly and voluntarily, and the waiver does not effect a miscarriage of justice. *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001). A defendant may also waive the right to pursue a collateral attack of his conviction or sentence. *United States v. King*, Civ. A. No. 04-4991, 2005 WL 914745, at *2 (E.D. Pa. Apr. 18, 2005).

In this case, Defendant knowingly and voluntarily agreed to waive his right to collaterally attack his conviction and sentence.[3] As recited above, in his guilty plea agreement, Defendant agreed that:

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal

---

[3] In his § 2255 petition, Defendant does not contend that he entered into the plea agreement unknowingly or involuntarily.  (Doc. No. 145.)

> or collaterally attack the defendant's conviction, sentence, or any other matter
> relating to this prosecution, whether such a right to appeal or collateral attack
> arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other
> provision of law.

(Doc. No. 87 ¶ 8.)  During the guilty plea colloquy, Defendant acknowledged that he entered into the Guilty Plea Agreement knowingly and voluntarily after consultation with his attorney.  (Doc. No. 147 at 3-5.)

Defendant also has not demonstrated that the enforcement of his waiver of challenges to his sentence under § 2255 would constitute a miscarriage of justice.  The Third Circuit has specifically held that enforcement of a waiver of appellate rights regarding possible *Booker* claims does not constitute a miscarriage of justice.  *United States v. Lockett*, 406 F.3d 207, 214 (3d Cir. 2005).  In *United States v. Lockett*, the defendant entered a guilty plea agreement, waiving certain rights to appeal, and was sentenced to sixty-six (66) months imprisonment for drug-related offenses.  In his § 2255 motion, Lockett requested that the court invalidate the sentence because he did not anticipate, at the time of his guilty plea, the Supreme Court's decision in *Booker*.  *Id.* at 209, 212.  Noting the Supreme Court's decision in *Brady v. United States*, 397 U.S. 742, 757 (1970), which held that changes in the law benefitting the defendant subsequent to a plea agreement do not make the agreement less binding, the Third Circuit stated that the "possibility of a favorable change in the law occurring after a plea agreement is merely one of the risks that accompanies a guilty plea."  *Lockett*, 406 F.3d at 214.  Here, Defendant faced a similar risk when he entered his guilty plea and waived his right to collaterally attack his sentence.  Accordingly, we conclude that enforcement of Defendant's waiver regarding his

potential *Blakely*/*Booker* claims does not constitute a miscarriage of justice.[4]

Defendant also claims that our consideration of his prior criminal history pursuant to the Federal Sentencing Guidelines violates the Double Jeopardy clause of the Constitution. The Supreme Court has denied habeas corpus petitions based upon such claims, upholding sentence enhancements for recidivists like those in the Federal Guidelines. *See, e.g., Witte v. United States*, 515 U.S. 389, 400 (1995); *Gryger v. Burke*, 334 U.S. 728, 732 (1948). Such enhancements are "'not to be viewed as either a new jeopardy or additional penalty for the earlier crimes,'" but rather as "'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'" *Witte*, 515 U.S. at 400 (quoting *Gryger*, 334 U.S. at 732); *see also Ewing v. California*, 538 U.S. 11, 25 (2003) ("Recidivism has long been recognized as a legitimate basis for increased punishment."). Defendant's criminal history level under the Federal Sentencing Guidelines stiffens the penalty for the current offenses, not for those crimes for which he has already served a sentence of imprisonment. Considering Defendant's prior criminal record at sentencing does not raise double jeopardy concerns and does not constitute a miscarriage of justice so as to void the Defendant's waiver of the right of collateral attack.

Because the record "conclusively show[s] that the prisoner is entitled to no relief," 28 U.S.C. § 2255, the Petition will be denied without a hearing. An appropriate Order follows.

---

[4] Even if Defendant had not waived his right to collateral attack, we would not grant relief based upon his claim under *Blakely* and *Booker*. The Third Circuit recently held that the Supreme Court's decision in *Booker* does not apply retroactively to § 2255 motions when the judgment was final as of January 12, 2005, the issue date of *Booker*. *Lloyd v. United States*, No. 04-3549, 2005 U.S. App. LEXIS 8699, at *19 (3d Cir. Apr. 7, 2005). Defendant's conviction became final on November 14, 2003.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 02-405-04 |
| | : | |
| ERIC ROACH | : | |

**<u>ORDER</u>**

AND NOW, this 24th day of June, 2005, upon consideration of the Defendant's Habeas Corpus Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody, and the Government's response thereto, it is ORDERED that the Motion is DENIED.

IT IS SO ORDERED.

BY THE COURT:

_____
R. Barclay Surrick, Judge